UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                     Plaintiff,

                                   **ORDER**
   v.                                    16-CR-60-A

DUKE JIMENEZ,

                                     Defendant.

---

      Defendant Duke Jimenez has filed a motion pursuant to Fed. R. Civ. P. 11(d) to withdraw guilty pleas to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). In light of scheduling conflicts for counsel, oral argument of the motion is rescheduled for November 20, 2018, at 10:00 a.m.

      Defendant Jimenez alleges that his former counsel, Assistant Federal Defender John Humann, Esq., Assistant Federal Defender Mary Beth Covert, Esq., and John J. Molloy, Esq., were all constitutionally ineffective because they did not adequately advise him of a voluntary intoxication defense to the production of child pornography offense to which he pled guilty. The defendant argues that because he was self-medicating his post-traumatic stress with marijuana and MDMA at the time of the offense, was suffering ill-effects from chronic abuse of these controlled substances, and might have been sleepwalking, he "was too intoxicated to form the specific intent" to produce child pornography in violation of 18 U.S.C. § 2251(a). He asserts that he has trouble remembering the alleged offense conduct, and suggests

that his lack of memory may also be associated with a diminished capacity to form the specific intent to use the minor victim to make the visual depiction of sexually explicit conduct that he admitted while under oath when he entered his guilty plea.

The allegations made by defendant Jimenez in support of his motion to withdraw his guilty plea put in issue confidential attorney-client communications between the defendant and his former counsel related to the defendant's allegations of ineffective assistance of counsel. His allegations therefore waive the attorney-client privilege with respect to communications otherwise subject to the attorney-client privilege that former counsel reasonably believes necessary to disclose to disprove the allegations. N.Y. Rules of Professional Conduct 1.6(b)(5)(i) and 1.6(b)(6); *see e.g.*, *Aladino v. United States*, No. 09–CV–926 (CBA), 2011 WL 6131175, at *2 (E.D.N.Y. Dec. 8, 2011).

Accordingly, to assist the Court in evaluating defendant Jimenez's motion to withdraw his guilty pleas, the Court directs Mary Beth Covert, Esq., and John J. Molloy, Esq., to file affidavits detailing their advice to the defendant with respect to his decision to plead guilty on or before November 8, 2018. The affidavits should describe in detail how the attorneys with the Federal Public Defenders Office and Mr. Molloy addressed with the defendant (1) an affirmative defense of insanity under 18 U.S.C. § 17(a); (2) a factual defense of diminished capacity to form specific intent to violate 18 U.S.C. § 2251(a) based upon the circumstances the defendant now raises; and, (3) any other information that former counsel reasonably believes necessary to disprove or support the allegations against them made by the

2

defendant.  *See* N.Y. Rules of Professional Conduct 1.6(b)(5)(i).  Ms. Covert shall also submit to the Court the records related to the defendant's examination by a "medical professional" while she represented the defendant, unless she did not retain the records when transferring her office's files to the defendant's current counsel.

As defendant Jimenez's former counsel are aware, the defendant's partial waivers of his attorney-client privileges do not waive former counsels' obligations to otherwise keep his confidences secret.  *See e.g., Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 145 (2d Cir. 2016).  Former counsel's affidavits shall therefore be submitted for filing under seal, and the affidavits shall remain under seal until further order of the Court.  Copies of the affidavits of former counsel shall be served upon current counsel for the parties as sealed documents.

The United States and defendant Jimenez's current counsel shall supplement their briefing on the motion to withdraw the guilty pleas in light of the sealed affidavits on or before November 16, 2018[1].  The United States and the defendant's current counsel shall also address in their supplemental briefing how a defendant who was not insane under 18 U.S.C. § 17(a) could engage in the behaviors necessary to use a cellphone camera and minor victim to capture sexually explicit images of the minor and himself, but simultaneously be too intoxicated (or otherwise

---

[1] Defendant Jimenez's current counsel shall also provide to the Court under seal on or before November 16, 2018 copies of any of the records of the examination of the defendant by a medical professional while the defendant was represented by Ms. Covert that counsel has that Ms. Covert does not provide to the Court with her affidavit on November 8, 2018.

3

lacking the mental capacity) to intend that the sexually explicit conduct be captured on camera.

**SO ORDERED**[2].

                                       *S/Richard J. Arcara*
                                      HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT COURT

Dated: October 23, 2018

---

[2] Defendant Jimenez's counsel is currently scheduled to begin a trial on November 7, 2018, that is expected to last approximately two weeks. See Dkt. No. 17-CR-129. If that trial proceeds as scheduled, the Court will likely grant a request to reschedule the filings and oral argument scheduled in this Order.