UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  Plaintiff,

                                                  **ORDER**
      v.                                                16-CR-60-A

DUKE JIMENEZ,

                  Defendant.

      Defendant Duke Jimenez has filed a second motion to stay pending his interlocutory appeal an Order at Dkt. No. 79 pertaining to issues raised by defendant Jimenez's motion pursuant to Fed. R. Crim. P. 11(d) to withdraw his guilty plea. The Court presumes the parties' close familiarity with the prior proceedings.

      Defendant Jimenez's second motion for a stay pending interlocutory appeal is denied. The defendant has only generally addressed two questions the Court required the defendant to address specifically upon renewal of his motion for a stay. *Compare* Dkt. No. 82, p. 2, *with* Dkt No. 83.

      Moreover, the Court has granted a motion filed by defendant Jimenez's former counsel, Mary Beth Covert, Esq., Dkt. No., 84, to adjourn until November 18, 2018, compliance with the Order requiring Ms. Covert to make certain disclosures under seal that the defendant is concerned "may provide more information than is necessary." Dkt. No. 83-1, p. 3, ¶ 7[1]. The delay of Ms. Covert's disclosures affords

---

[1] Defendant Jimenez's current counsel's November 16, 2018 disclosure obligation pursuant to the direction in footnote 1 of the Court's Order, Dkt. No. 79, p. 3 n.1, is adjourned until further Order of the Court, or until his current counsel elects to disclose the information.

the defendant most of the time he has suggested he needs to come to grips with pending issues.

The denial of defendant Jimenez's second motion for a stay is without prejudice to renewal after November 16, 2018, by which time the defendant will have complied with the Order by briefing how a defendant who was not insane under 18 U.S.C. § 17(a) could have engaged in the behaviors necessary to use a cellphone camera and minor victim to capture sexually explicit images of the minor and himself, but simultaneously be too intoxicated (or otherwise lacking the mental capacity) to intend that the sexually explicit conduct be captured on camera. *See e.g. United States v. Jones*, No. 16-CR-0553, 2018 WL 1115778 (S.D.N.Y. 2018); *Cromitie v. United States*, 2017 WL 1383982, at *5 (S.D.N.Y. Apr. 7, 2017).

In the event defendant Jimenez seeks after November 16, 2018, to file a third motion for a stay of the Order pending interlocutory appeal, he shall: (1) include supplemental briefing addressing how he contends the attorney-client privilege was not waived by the defendant's contention that his former counsel's advice was constitutionally ineffective in the specific circumstances he alleges in support of his motion to withdraw his guilty plea; (2) include supplemental briefing addressing the reasons he contends his former counsel lack lawful discretion to determine what information should reasonably be disclosed under seal to disprove his allegations of ineffective assistance of counsel in the specific circumstances he alleges, *see* N.Y. Rules of Professional Conduct 1.6; and, (3) describe any information he believes may be disclosed under seal by his former counsel to comply with the Order that he

contends remains privileged, or need not be disclosed by his former counsel to meet his allegations of ineffective assistance of counsel, in sufficient detail to permit the Court to address his contentions of privilege or confidentiality without further delay. Finally, the defendant is reminded that it is his burden to ". . . show a fair and just reason for requesting the withdrawal" of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B).

**SO ORDERED.**

                            *s/Richard J. Arcara*
                            HONORABLE RICHARD J. ARCARA
                            UNITED STATES DISTRICT COURT

Dated: November 9, 2018