UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

**ORDER**
16-CR-60-A

DUKE JIMENEZ,

Defendant.

On November 16, 2018, defendant Duke Jimenez filed a motion for

reconsideration of an October 23, 2018 Order at Dkt. No. 79 pertaining to issues

raised by defendant Jimenez's motion pursuant to Fed. R. Crim. P. 11(d) to

withdraw his guilty pleas.  Dkt. No. 75.  The defendant's motion to withdraw his guilty

pleas is based upon claims of ineffective assistance of his prior legal counsel, and

the Order requires sealed submissions from his prior counsel regarding their advice

to him.  The Court again presumes the parties' close familiarity with the prior

proceedings, and for the reasons stated below, the defendant's motion for

reconsideration is denied.

**BACKGROUND**

Defendant Jimenez has moved to withdraw guilty pleas to one count of

production of child pornography in violation of 18 U.S.C. § 2251(a), and one count of

possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), based

primarily upon an argument that the defendant was inadequately advised of a

mental status defense of voluntary intoxication before he entered the guilty plea to

the production of child pornography count, and upon his claim that he would not

have pled guilty to either offense if he had had the benefit of effective assistance of

counsel. Because the defendant's arguments in support of his motion to withdraw

his guilty pleas require the Court to evaluate the constitutional sufficiency of legal

assistance of the defendant's former counsel, the October 23, 2018 Order required

his former counsel, Assistant Federal Defender Mary Beth Covert, Esq., and John J.

Molloy, Esq., to make submissions to the Court under seal about some of their

advice to the defendant, and required AFPD Covert, to file under seal a copy of a

related "medical " evaluation of the defendant that she had obtained during her

representation of the defendant. *See* Dkt. No. pp. 2-3[1].

Defendant Jimenez filed an interlocutory appeal of the October 23, 2018

Order. The defendant has since filed, and the Court has denied, two motions to stay

proceedings on the motion to withdraw the guilty pleas pending resolution of the

interlocutory appeal of the Order. Dkt. Nos. 82, 86. The two motions attempted to

raise similar issues. *Id.*

Defendant Jimenez first generally stated on November 5, 2018, that the

attorney-client privilege, work product privilege, and some of the defendant's rights

to medical and mental-health privacy would be violated by the submissions the

October 23, 2018 Order requires. Dkt. No. 81-1. The defendant acknowledged no

---

[1] The Court has previously temporarily stayed its Order to submit a copy of a medical evaluation of defendant Jimenez. Dkt. No. 86, p 1, n.1; Text Order 88. Consequently, this Order does not address the defendant's arguments for reconsideration of the October 23, 2018 Order to submit to the Court a copy of the medical evaluation.

waivers triggered by his claims of ineffective assistance of counsel, and he provided

no authority for his blanket assertion of privileges and of medical and mental-health

rights of privacy. *Id.*

On November 6, 2018, the Court denied defendant Jimenez's first motion for

a stay pending interlocutory appeal and observed:

> Only information no longer subject to the attorney-client privilege, or information former counsel concludes must be disclosed to adequately respond to the allegations of ineffective assistance of counsel made by the defendant, is required to be disclosed.
>
> To the extent formerly privileged or otherwise confidential information will be disclosed in connection with defendant Jimenez's motion to withdraw his guilty plea, the information will be maintained under seal until further order of the Court. Dkt. No. 79, p. 3. The defendant's assertion that the Order requires privileged information to be disclosed to the public overlooks plain language in the Order. *Id.*

Dkt. No. 82, p. 2.

In his second motion to stay proceedings pending his interlocutory appeal,

defendant Jimenez generally acknowledged "that claims of ineffective assistance of

counsel may cause a waiver of the attorney-client privilege." Dkt. No. 83-1, p. 3, ¶ 7.

He again argued generally that the Court's October 23, 2018 Order required more

disclosures than necessary, however, and he sought time to brief the issues. Dkt.

No. 83-1.

The Court denied defendant Jimenez's second motion for a stay pending

interlocutory appeal in part because:

> [t]he defendant has only generally addressed two questions

the Court required the defendant to address specifically upon renewal of his motion for a stay. *Compare* Dkt. No. 82, p. 2, *with* Dkt No. 83.

Dkt. No. 86, p. 1. The defendant had failed to address the scope of his waiver of the attorney-client privilege, and he had failed to make a specific assertion of a privilege to permit the Court to address his general claims of privilege and confidentiality, though the Court had directed him to do so upon renewal of his motion for a stay. *Compare* Dkt. No. 82, p. 2, *with* Dkt No. 83. The denial of the second motion for a stay was also without prejudice, and the Court pointed out that AFPD Covert had sought and received from the Court an adjournment of her time to make the sealed submission required by the Court's October 23, 2018 Order, and that the delay before her submission would allow the defendant more time to address his concerns. Dkt. No. 86.

On November 18, 2018, defendant Jimenez filed a motion to stay the Order pending resolution of his motion for reconsideration. Dkt. No. 89. This third motion to stay requests to stay the submissions by the defendant's former counsel pursuant to the Court's October 23, 2018 Order pending resolution of the instant motion for reconsideration of that Order.

## DISCUSSION

Defendant Jimenez argues in support of his motion for reconsideration that the Court's October 23, 2018 Order is "overbroad because it directs disclosure of information that is neither relevant to the adjudication of his claim [of ineffective assistance of counsel] and [not] 'reasonably necessary" to defend against it. Dkt.

4

No. 87-1, p. 3.  He argues that the October 23, 2018 Order directs his former counsel to address matters they may not consider necessary to address the allegations of ineffective assistance of counsel, and that the disclosures of his former counsel should be limited to their legal advice regarding a potential voluntary intoxication defense.  Dkt. No. 87-1.

Defendant Jimenez's primary claim that he should have been advised of a voluntary intoxication mental status defense rests upon his factual allegations that he had and has no memory of committing the acts of sexual abuse and related acts he was charged with, that he had been having problems sleeping because of symptoms PTSD (post-traumatic stress disorder), that he may have been sleepwalking, and that he was a chronic abuser of both MDMA (3,4-methylenedioxy-methamphetamine, or "Ecstacy," or "Molly") and marijuana.  *See* Dkt. No. 75-2, ¶ 2, ¶ 7.  The defendant contends that these circumstances are sufficient to provide a factual basis to trigger a voluntary intoxication instruction.  *See e.g.*, 1-8 *Modern Federal Jury Instructions — Criminal*, ¶ 8.03 (Matthew Bender).  That instruction could help the trial jury find reasonable doubt whether the defendant specifically intended to use the minor victim to make the visual depiction of sexually explicit conduct.

Defendant Jimenez emphasizes that whether he was voluntarily intoxicated, and whether his voluntary intoxication negated his specific intent to produce child pornography in violation of § 2251(a), is a jury question that the Court should not be considering now.  Dkt. No.  87-1, pp. 11-14.  The Court disagrees.  The premise of

the defendant's ineffective assistance of counsel claim is that he has a viable

argument that the Court would deliver a voluntary intoxication instruction that his

former counsel overlooked. But the circumstances that the defendant focuses upon

are not of an isolated episode of voluntary intoxication. He specifically claims he has

a defense of voluntary intoxication to the offense on May 10, 2014, that involves his

lack of memory, possible sleepwalking, symptoms of PTSD, and that he was

suffering the consequences of chronic abuse of MDMA and marijuana. The factual

allegations the defendant relies upon relate to whether he was aware of what he

was doing when he did it on May 10, 2014. They may or may not be legally relevant

to his specific intent. Memory is not the same as intent, and the defendant has

taken on the heavy burden on his motion to withdraw his guilty plea to show that his

mental status on May 10, 2014 at the time of the alleged offense was inconsistent

with his specific intent to use the minor victim to make the visual depiction of

sexually explicit conduct. Admitting evidence of all of the mental and physical

conditions the defendant marshals could require the Court to disregard 18 U.S.C. §

17, which requires a defendant to carry the heavy burden to prove by clear and

convincing evidence that he did not appreciate the nature and quality of his acts.

Moreover, defendant Jimenez does not dispute his conduct satisfying other

elements of the offense of production of child pornography in violation of 18 U.S.C.

§ 2251(a) to which he pled guilty. It is apparent that the defendant on May 10, 2014,

(1) used his cellular telephone (2) while engaged in sexually explicit conduct —

including sadistic and masochistic conduct — with the minor victim (3) while

recording images of that sexually explicit conduct; and (4) that the defendant saved

the image file of that sexually explicit conduct to a mirco SD card.  Dkt. No. 35, p. 5.

Because the defendant was actually capable of each of these purposeful acts, as

evidenced by his performance of them on May 10, 2014, there seems only the most

abstract theoretical possibility that he was simultaneously too intoxicated to act

purposively to use the minor victim to make the visual depiction of sexually explicit

conduct.  In other words, the defendant assumes he would be permitted to introduce

evidence to show voluntary intoxication rendering him incapable of purposeful

activity while the evidence at trial would show that he simultaneously engaged in

extensive purposeful activity.  In this context, the voluntary intoxication instruction to

permit the defendant to raise a reasonable doubt with the jury about his specific

intent to use the minor victim to make the visual depiction of sexually explicit conduct

would seem incompatible with the Court's instructions on knowledge, specific intent,

motive, and the imperative to draw only reasonable inferences from all the evidence.

If it would be legally improper for the Court to instruct the jury on voluntary

intoxication in these circumstances, it would certainly not be constitutionally

ineffective for counsel not to discuss this mental status defense with the defendant

before the defendant entered his guilty pleas.

It is in this context that the Court entered the October 23, 2018 Order directing

defendant's former counsel to:

> describe in detail how the attorneys with the Federal Public
> Defenders Office and Mr. Molloy addressed with the
> defendant (1) an affirmative defense of insanity under 18

U.S.C. § 17(a); (2) a factual defense of diminished capacity to form specific intent to violate 18 U.S.C. § 2251(a) based upon the circumstances the defendant now raises; and, (3) any other information that former counsel reasonably believes necessary to disprove or support the allegations against them made by the defendant. See N.Y. Rules of Professional Conduct 1.6(b)(5)(i).

Dkt. No. 79, pp. 2-3. The Court concludes these specific directions, read in the context of the entire text of October 23, 2018 Order and the prior proceedings do not require the disclosure of information in derogation of a legitimate claim of privilege or confidentiality that the defendant's former counsel does not consider necessary to disprove or support the allegations made by the defendant, and the Court need not reconsider the Order on the ground it is overbroad.

The Court has specifically considered defendant Jimenez's suggestion that prior counsel can respond adequately to the issues he has raised by limiting their disclosures to answering a series of questions he proposes concerning whether his former counsel knew and considered that the defendant was using narcotics at the time of the offense on May 10, 2014. Dkt. No. 87-1 pp. 7-9. These simple questions might or might not be sufficient if the defendant had been suffering an isolated episode of voluntary intoxication on May 10, 2014, but the Court finds them plainly inadequate to allow the Court to address the circumstances the defendant has actually raised. The Court therefore declines to restrict former counsel's disclosures to the questions proposed by the defendant.

Defendant Jimenez also suggests that his simple questions are a worthy and preferable incremental first step to avoid more disclosures of confidential information

than are reasonably necessary to address his allegations of ineffective assistance of counsel. The defendant's professed concerns that his former counsel will disclose too much are all speculative and non-specific, even though the Court has invited defense counsel to bring specific concerns to the Court's attention. *See* Dkt. No. 82, p. 2; No. 86, pp. 2-3. The defendant has had adequate time to address any specific concerns with his former counsel and with the Court, and the Court finds no good reason to further delay former counsels' sealed submissions to the Court.

## CONCLUSION

The Court has considered the other arguments defendant Jimenez raises in support of his motion for reconsideration. The arguments lack substantial merit and need no extended discussion. The restrictions on disclosure of the confidential information to be filed under seal that are already in place pursuant to the Court's Orders are adequate for present purposes. And, contrary to the defendant's suggestion, the Court has not directed the defendant to disclose trial strategy: the defendant is assuming he would be entitled to a voluntary intoxication instruction and alleges that his former counsel were constitutionally ineffective for failing to address the possibility of a specific intent mental status defense due to voluntary intoxication with him; the defendant is only asked to justify his assumption by showing that the evidence and instruction would not be inconsistent with the requirements of 18 U.S.C. § 17 or inconsistent the Court's other jury instructions as part of his heavy burden under Fed. R. Crim. P. 11(d)(2)(B) to establish a fair and just reason to withdraw his pleas of guilty.

For all of the above reasons, the defendant's motion for reconsideration of the October 23, 2018 Order, Dkt. No. 87, is denied.  His motion to stay his former counsel's disclosures pursuant to that Order, Dkt. No. 89, is denied as moot.  Oral argument of defendant Jimenez's motion to withdraw his guilty pleas shall proceed as previously scheduled on November 20, 2018, at 10:00 a.m.

**SO ORDERED.**

_s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  November 19, 2018