UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DUKE JIMENEZ,

                            Petitioner

v.                                             **DECISION AND ORDER**
                                                        25-CV-1072-A
                                                        16-CR-060-A

UNITED STATES OF AMERICA,

---

## I.    PROCEDURAL AND FACTUAL HISTORY

On December 7, 2017, Defendant/Petitioner Duke Jimenez, appeared before this Court and, pursuant to a written plea agreement, pleaded guilty to Counts 3 and 6 of the Indictment against him which charged him respectively with production and possession of child pornography. Dkt. 35 and 36.[1] Jimenez's conduct involved using his cell phone to record his rape and sadistic sexual assault of a three-year-old girl over an eight-month period in 2014. Dkt. 93, p.6; Dkt. 149, p.4. As part of his plea, Jimenez acknowledged that he faced an advisory Guidelines term of imprisonment of 600 months (50 years), with a statutory mandatory minimum term of imprisonment of 15 years and a maximum possible term of imprisonment of 50 years. Dkt. 35, ¶¶9-21; Dkt. 36, pp. 4, 20-21.

---

[1] All docket references are to the criminal docket (16-CR-060-A). Count 3 charged a violation of 18 U.S.C. §2251(a) and Count 6 charged a violation of 18 U.S.C. §2252A(a)(5)(B). Dkt. 35.

At his plea proceeding, Jimenez was represented by attorney John F. Molloy, Esq. The Court appointed Mr. Molloy to represent Jimenez several months prior to the plea proceeding in this case, after Jimenez expressed his dissatisfaction with the two attorneys from the Federal Public Defender's Office who had previously been assigned to represent him. Dkt. 93, pp. 6-8. After his plea proceeding but before his sentencing, Jimenez sought to withdraw his pleas of guilty claiming that he received ineffective assistance of counsel; in addition, his assigned attorney requested that he be permitted to withdraw from representation of Jimenez and that new counsel be assigned. Dkt. 63. The Court thereafter granted attorney Molloy's withdraw request and assigned attorney Robert Singer, Esq., as the fourth attorney to represent Jimenez. *See*, Minute Entry, dated 6/19/2018.

In rejecting Jimenez motion to withdraw his pleas of guilty, this Court rejected Jimenez's claims that he received constitutionally ineffective assistance of counsel based upon his claim that none of the three attorneys previously assigned to represent him discussed with him nor investigated the defense of voluntary intoxication. Dkt. 93.

On August 16, 2019, this Court sentenced Jimenez principally to a total term of imprisonment of 504 months (42 years) as follows: 360 months as to Count 3 (production of child pornography); 240 months as to 6 (possession of child pornography), of which 96 months was imposed to run concurrent to Count 3 and 144 months was imposed to run consecutive to Count 3. Dkt. 115.

Jimenez appealed his conviction, Dkt. 117, and the sole issue raised on appeal was that this Court erred in denying Jimenez's motion to withdraw his pleas of guilty. By judgment entered October 30, 2020 (and mandate issued December 4, 2020), the Second Circuit rejected Jimenez's argument and affirmed the judgment of conviction in this case, including this Court's denial of Jimenez's motion to withdraw his pleas of guilty. Dkt. 133; see, United States v. Jimenez, 831 F. App'x 571 (2d Cir. 2020).[2] Jimenez did not file a petition for certiorari seeking review of the Second Circuit's decision.

---

[2] Following the issuance of the Second Circuit mandate affirming his conviction and sentence, Jimenez filed a compassionate release motion (Dkt. 134) which was denied by this Court. Dkt. 140. Thereafter, Jimenez filed a motion seeking reconsideration of this Court's denial of his compassionate release (Dkt. 142), and this Court directed the Government to submit additional medical records regarding Jimenez's health. Dkt. 143. Upon reconsideration of Jimenez's motion, this Court once again denied his request for compassionate release. Dkt. 146. Jimenez appealed, and the Second Circuit affirmed this Court's denial of his compassionate release motion. Dkt. 150; see, United States v. Jimenez, No. 21-1202-CR, 2022 WL 1100435 (2d Cir. Apr. 13, 2022). In so doing, the Second Circuit stated:

> Considering the Section 3553(a) factors, the district court denied Jimenez's motion because his release at this time "would seriously undermine the purposes for which his lengthy sentence of imprisonment was imposed." This determination was not erroneous, let alone an abuse of discretion. Section 3553(a)(2) lists as a sentencing consideration, among other things: "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." Each of these factors disfavors release at this time. Jimenez was sentenced to 504 months' imprisonment in 2019. With a projected release date in late 2051, he thus has a significant amount of time remaining on his sentence. Jimenez has not shown that his early release—nearly thirty years before his projected release date—would reflect the seriousness of his offense or afford deterrence to others.
> Further, Jimenez has failed to show that he would not be a danger to the public upon his early release. The nature of his offenses—including repeatedly raping a three-year-old victim and recording the abuse over the course of nearly

Nearly five years after his conviction was affirmed by the Circuit, Jimenez, acting *pro se*, on October 21, 2025, filed a motion seeking relief pursuant to 28 U.S.C. § 2255. Dkt. 162. In his motion, Jimenez argues that the possession of child pornography statute under which he was convicted, to wit, "18 U.S.C. § 2252(a)(4)(B) [3] is unconstitutional as applied in this case."  Dkt. 162, p. 7. In that regard, Jimenez argues that "[t]he simple intrastate possession of a 3GB Muve Music Micro S.D. Card containing a visual depiction family photo of defendant lying on a bed with an inadvertent expose [sic] of his genital area exposed in the presence of a minor that has not been transported in interstate commerce, and was not intended for any economic or commercial use, makes the said statute unconstitutional under the commerce clause." *Id*.

Because a one-year period of limitations applies to a § 2255 motion, and Jimenez did not file his § 2255 motion until nearly five years after the Second Circuit issued its judgement and mandate affirming his conviction and sentence, this Court

---

a year—is particularly concerning. Jimenez's argument to the contrary—suggesting he should not be considered a danger to the public because he did not abuse multiple victims, never disseminated any illicit photographs, has no prior criminal convictions, and has the support of his family—is not compelling in light of his "deeply disturbed criminal behavior." The district court did not abuse its discretion in concluding that the Section 3553(a) factors, on balance, disfavor early release at this time.

*United States v. Jimenez*, 2022 WL 1100435, at *2 (footnote and citations omitted).

[3] Jimenez was not convicted of unlawfully possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  Rather, he was convicted, under Count 6, of unlawfully possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  Dkt. 115.

4

issued an Order requesting that Jimenez explain why his motion should not be dismissed as untimely. Dkt. 163, 165.

In response, Jimenez claims that "discovery of fraud upon the Petitioner by the application of inapplicable Statutes was what led my conviction was discovered by his due diligence." Dkt. 166, p. 8. In essence, as best the Court can discern, Jimenez is arguing that he was defrauded into thinking that his conduct amounted a violation of a statute which criminalized the unlawful possession of child pornography, since such statute was/is unconstitutional applied to him, and that he only learned of this error upon conducting his own research. For the reasons which follow, this Court finds that such explanation is insufficient justification to explain his belated filing, that his claim is frivolous, and that his petition should be dismissed.

## II.    LEGAL STANDARD & ANALYSIS

According to 28 U.S.C. § 2255, a one-year period of limitations applies to a motion attacking a sentence by a person in federal custody, and that time period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, with the Second Circuit affirmed Jimenez's conviction on October 30, 2020, Jimenez's deadline for his filing of a petition for certiorari was on or about January 28, 2021. *Rabbani v. United States*, 156 F. Supp. 3d 396, 402 (W.D.N.Y. 2016) ("It is well established that for purposes of § 2255(f)(1), a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction ... [i.e.] 90 days after entry of the Court of Appeals' judgment." [quotations omitted]).  Thus, his one-year limitation period within which to file his §2255 began to run on that date. *Clay v. United States*, 537 U.S. 522, 532, (2003)("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").  Here, Jimenez's motion was not filed until October 21, 2025, over three and one-half years after his judgment of conviction in this case became final.

*Sua sponte* dismissal is appropriate where a Petitioner is given notice and an opportunity to be heard. *See Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000); *cf*. *Spinale v. United States*, 277 F. App'x 108, 109 (2d Cir. 2008) (affirming *sua sponte* dismissal of § 2255 petition without notice because it was unmistakably clear from the facts alleged that the petition was untimely). Indeed, Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts

specifically contemplates that a court may dismiss a § 2255 motion before receiving an answer or response from the respondent. *Acosta*, 221 F.3d at 123. Here, Petitioner was given notice and an opportunity to be heard. Dkt. 163, 165.

Given such opportunity, Jimenez provided no satisfactory explanation for why his motion was filed three-and-one-half years late.[4] Petitioner's apparent explanation for his failure to raise or pursue this claim is that he is not a lawyer. However, "[t]he Second Circuit has held that ignorance does not constitute 'good cause' to excuse procedural default in habeas petitions." *Keating v. Miller*, No. 21-CV-4065 (KAM)(LB), 2024 WL 356725, at *8 (E.D.N.Y. Jan. 31, 2024)(citing *Washington v. James*, 996 F.2d 1442, 1447 (2d Cir. 1993) ("Ignorance or inadvertence will not constitute 'cause.'") and *Santiago Gonzalez v. United States*, 198 F. Supp. 2d 550, 554 (S.D.N.Y. 2002) ("*pro se* status and ignorance of the law does not constitute cause")), *certificate of appealability denied*, No. 24-542, 2024 WL 5470707 (2d Cir. Oct. 10, 2024); *see also*, *Tapia-Garcia v. United States*, 53 F.Supp.2d 370, 378 (S.D.N.Y. 1999); *Neff v. United States*, 971 F.Supp. 771, 774 (E.D.N.Y.1997).

Moreover, despite citing the wrong statute, Jimenez's claim that the unlawful possession of child pornography statute of which he was convicted, *i.e.*, 18 U.S.C.

---

[4] Although represented by counsel at the time of his original appeal, Jimenez failed to challenge the constitutionality of the statute of which he was convicted, "[I]f a petitioner fails to assert a claim on direct review, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom ...." *DeJesus v. United States*, 161 F.3d 99, 102 (2d Cir. 1998) (citing *Bousley v. United States*, 523 U.S. 614 (1998)).

7

§2252A(a)(5)(B), is unconstitutional as applied to him on the ground that the material he possessed had not been transported in interstate commerce and was not intended for any economic or commercial use, *see*, Dkt. 162, p.7, has been squarely rejected by the Second Circuit. *United States v. Harris*, 358 F.3d 221, 222-223 (2d Cir. 2004). In short, the Court can find no shred of merit to either the explanation offered by Jimenez as to the reason for his late-filing or to the claim he seeks to raise therein. In view of the foregoing, this Court determines that 28 U.S.C. § 2255(f)(4) did not extend his time to file the petition. Accordingly, his petition must be dismissed as untimely.

### III.     CONCLUSION

For the foregoing reasons, the § 2255 motion (Dkt. 162) is dismissed as untimely and the Clerk of Court is directed to close the case.

"[W]hen a district court denies a § 2255 motion on procedural grounds, a certificate of appealability may issue only upon a showing 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Moshier v. United States*, 402 F.3d 116, 117 (2d Cir. 2005)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Jimenez has failed to make the required showing and therefore, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                *s/Richard J. Arcara*
              HONORABLE RICHARD J. ARCARA
              UNITED STATES DISTRICT COURT

Dated:  January 12, 2026
     Buffalo, New York